IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:08-CR-3-FL-1
4:13-CV-132-FL

| | |
|---|---|
| KEVIN MYELL SLADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on petitioner's pro se motion (D.E. 70, 78[1]) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("petition") and the government's motion to dismiss[2] (D.E. 82). These matters have been fully briefed[3] and were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. (*See* 2nd D.E. dated 8 May 2014). For the reasons stated herein, it will be recommended that the petition be denied and that the government's motion to dismiss be granted.

---

[1] While petitioner filed his original petition at D.E. 70, he subsequently filed an addendum to the petition at D.E. 78 raising an additional claim. The court will treat these two documents, collectively, as constituting the entirety of petitioner's § 2255 petition. Petitioner filed as an exhibit to his petition an incarceration record from the Craven County Sheriff's Department (D.E. 71-1) ("jail records").

[2] The government originally filed a motion to dismiss (D.E. 74) on 7 June 2013, but withdrew the motion on 2 July 2103 (D.E. 79). On 1 August 2013, the government filed the renewed motion to dismiss that is now pending before the undersigned.

[3] The government filed a memorandum (D.E. 75) in support of its motion to dismiss, and petitioner filed a response (D.E. 85) in opposition to it, which included as an exhibit his inmate education transcript (D.E. 85-1).

## BACKGROUND

**I.   Proceedings through Initial Sentencing and First Appeal**

On 9 January 2008, petitioner was charged in a one-count indictment (D.E. 4) with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (*i.e.*, crack) and 5 kilograms or more of cocaine, beginning in or about October 2003 and continuing to in or about January 2007 in violation of 21 U.S.C. §§ 841, 846. On 2 June 2008, petitioner pled guilty[4] (*see* Min. Entry at D.E. 26), and on 12 September 2008, the court sentenced petitioner to a term of 365 months' imprisonment and 5 years' supervised release (J. (D.E. 34) 1-3[5]).

Petitioner appealed his sentence ("first appeal") asserting that the district court: (1) erroneously calculated the drug amount attributable to him under the United States Sentencing Guidelines ("USSG" or "Guidelines") § 2D1.1(a)(3); (2) improperly applied the two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1); and (3) improperly increased his offense level on the ground that he played an aggravating role as a manager or supervisor of the drug conspiracy under USSG § 3B1.1(b). *See generally United States v. Slade* ("*Slade 1*"), 631 F.3d 185 (4th Cir.), *cert. denied*, 131 S. Ct. 2943 (2011). While affirming the district court on the first two claims, the Fourth Circuit determined that the evidence did not support the enhancement for a management or supervisory role. *Id.* at 191-92. The Fourth Circuit vacated petitioner's sentence and remanded for resentencing. *Id.* at 192.

---

[4] Although petitioner had signed a plea agreement (D.E. 28) prior to his arraignment and Rule 11 hearing, he elected to enter his plea without the plea agreement (Min. Entry at D.E. 26).

[5] Citations to page numbers in all documents in the record are to those assigned by the court's CM/ECF electronic filing system.

## II. Resentencing and Second Appeal

On 20 May 2011, petitioner was resentenced to 293 months' imprisonment and 5 years' supervised release. (Am. J. (D.E. 62) 1-3). In imposing the new sentence, the court did not apply the enhancement for a management or supervisory role because the government did not present further evidence in support of it. (*See* Resentencing Hearing Transcript ("Resent. Tr.") (D.E. 66) 3:4-15; 5:13-16). However, the court allowed the government's motion for upward departure on the grounds that petitioner's criminal history category underrepresented the seriousness of his criminal history pursuant to USSG § 4A1.3(a), p.s. (*Id*. 22:6-21).

Petitioner appealed his amended sentence ("second appeal") challenging, on several grounds, the district court's granting of the government's motion for an upward departure. *See United States v. Slade*, 464 F. App'x 94, 96 (4th Cir.), *cert. denied*, 132 S. Ct. 2731 (2012). On 6 February 2012, the Fourth Circuit affirmed petitioner's amended sentence. *Id*. at 97.

## III. Petitioner's § 2255 Petition

On 23 May 2013, petitioner timely filed the instant § 2255 petition. In it, he claims that he received ineffective assistance of counsel on the grounds that: (1) in the first appeal, appellate counsel failed to obtain jail records to support his claim that he was incarcerated during the time he was alleged to have sold the drugs that were used to calculate the drug amount attributed to him under USSG § 2D1.1(a)(3) (Pet. 4-6 (Ground 1)); (2) at his first sentencing hearing, trial counsel failed to object to testimony that was presented by the government in support of the sentence enhancement for possession of a firearm under USSG § 2D1.1(b)(1) (Pet. 7-10 (Ground 2)); and (3) at the resentencing hearing, trial counsel[6] was unprepared to present evidence of petitioner's prison conduct and accomplishments in support of his motion for a downward

---
[6] While petitioner labeled this claim as pertaining to appellate counsel, it is clear from the substance of his argument that this claim pertains to trial counsel.

adjustment pursuant to USSG § 5K2.0(a)(3) and 18 U.S.C. § 3553(a)[7] (Pet. 12-14 (Ground 3)). In the addendum to his petition, petitioner raises a fourth claim that his sentence was improperly enhanced based on facts that, under the United States Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), had to be proven beyond a reasonable doubt to a jury. (Pet. Adden. (Ground 4)).

## DISCUSSION

### I. Applicable Legal Principles

#### A. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. 25 Oct. 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

---

[7] The request for a downward adjustment was set out in petitioner's sentencing memorandum (D.E. 55 at 4-5) and renewed orally at the resentencing hearing (Resent. Tr. 7:10-8:13), as discussed below. The sentencing memorandum sought the adjustment as a variance under 18 U.S.C. § 3553(a) (Sent. Mem. 5), while in response to questioning by the court at the resentencing hearing, petitioner's counsel argued that the adjustment was also authorized as a departure under USSG § 5K2.0(a)(3) (Resent. Tr. 7:10-8:13). *See United States v. Rivera-Santana*, 668 F.3d 95, 100 n.6 (4th Cir. 2012) (explaining the distinction between a variance and a departure). The term "adjustment" as used herein refers to the relief petitioner sought whether treated as a variance or departure.

### B. Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id*. at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id*. In the context of a guilty plea, a petitioner must demonstrate he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## II. Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. It finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## III. Appellate Counsel's Alleged Failure to Present Evidence to Support Argument in the First Appeal

As discussed above, appellate counsel raised a claim on appeal that the district court's drug amount calculation under USSG § 2D1.1(a)(3) was erroneous, specifically asserting that the district court improperly relied on the statements of witnesses regarding drug amounts that were sold for or received from petitioner in 2006 because he was incarcerated for more than eight

months of that year. *See Slade 1*, 631 F.3d at 188 (noting petitioner's argument that the drug calculation was erroneous "because he was incarcerated when the drug deals occurred—namely during several months in 2006—it was physically impossible for him to have facilitated them"). The Fourth Circuit affirmed the district court's reliance on the witnesses' statements that petitioner sold the attributed amounts during the periods of 2006 when he was not incarcerated and further noted that he could be held liable for drugs sold on his behalf by co-conspirators even while incarcerated. *Id*. Petitioner now contends that appellate counsel was ineffective in presenting this issue on appeal because he failed to obtain and present to the Fourth Circuit jail records purportedly showing petitioner was incarcerated from January to August 2006 and thereby rebutting the government's assertion that petitioner was incarcerated for only four months of 2006. Petitioner contends that because he was incarcerated for as long as he was, he could not have sold the amount of drugs attributed to him under USSG § 2D1.1(a)(3). Petitioner's claim is wholly without merit.

Under the Federal Rules of Appellate Procedure, counsel would not have been permitted to present the subject jail records to the Court of Appeals because they were not presented to the district court. *See First Nat. Bank of N.E. v. Fockler*, 649 F.2d 213, 215-16 (4th Cir. 1981) (holding that, pursuant to Fed. R. App. P. (10)(e)(2), a federal appellate court cannot consider materials that were not part of the record before the district court); *see also Wheeler v. Anchor Cont'l, Inc.*, Civil Action No. 77-2004, 1979 WL 52, *2 (D.S.C. 21 Nov. 1979) ("Rule 10(e) provides *no* basis for augmenting the record to include evidence which was *never* before the district court." (emphasis original)). Accordingly, petitioner's claim of ineffective assistance of counsel on this ground is baseless.

Nevertheless, even had counsel been able to properly present these records for the first time on appeal, petitioner has not shown that they would have affected the Fourth Circuit's decision. Assuming that the jail records demonstrate that he was incarcerated for eight months of 2006,[8] rather than four months as asserted by the government, petitioner has not otherwise shown that he could not have distributed the challenged drug amount either personally himself during the four months he was not incarcerated or, as noted by the Fourth Circuit, through his co-conspirators during the eight months that he was.

For the foregoing reasons, the court concludes that petitioner's claim of ineffective assistance of appellate counsel for failure to present the jail records to the Fourth Circuit in the first appeal is without merit, and this claim should be dismissed.

### IV. Trial Counsel's Alleged Failure to Object to Evidence Presented in Support of the Sentence Enhancement for Possession of a Firearm under USSG § 2D1.1(b)(1)

Petitioner's second claim fares no better. He contends that he received ineffective assistance of trial counsel at his first sentencing hearing when his trial counsel failed to object to certain evidence presented by the government in support of a two-level increase for possession of a firearm in connection with drug-trafficking activities pursuant to USSG § 2D1.1(b)(1). Specifically, he contends that counsel should have objected to the testimony of a state detective that petitioner had shot two known drug dealers, one of them twice, and that petitioner had provided a handgun to another drug dealer. Petitioner also asserts that counsel should have objected to the statement of the United States Probation Officer who prepared the Presentence Investigation Report ("PSR") (D.E. 29) that her recommendation for the firearm enhancement was based solely on the statement of a co-conspirator, Herman King, that petitioner was known to always carry a gun. Petitioner asserts that counsel should have objected to this evidence

---

[8] Upon review of the jail records, the court is unable to determine the precise amount of time that he was incarcerated.

because it did not demonstrate the required connection between his possession of a firearm and drug activity.

First, petitioner's assertion that counsel failed to raise this objection is simply contrary to the record. The record unequivocally shows that counsel did, in fact, object to the court's consideration of this evidence on the grounds that it did not support a connection between the firearm possession and drug trafficking. (*See, e.g.,* Sent. Tr. 14:5-8 (counsel arguing to the court that while the state detective's testimony regarding the shootings by petitioner "may have put him in possession of a firearm, . . . [the detective] couldn't put the other element, and that is in connection with the drug activity")). Even before the sentencing hearing, counsel objected to the PSR's reliance on King's statement that petitioner "always carried guns" on the grounds that, at time of his arrest in January 2007, he was not carrying a firearm despite "the amount of cocaine involved." (PSR 16 ¶ 1). Thus, petitioner's assertion that trial counsel failed to object to evidence presented in support of the firearm enhancement is without factual basis.

Even had counsel not made objections to this evidence, petitioner cannot show that the court's application of USSG § 2D1.1(b)(1) based on this evidence was erroneous. The reason is that in his first appeal, the Fourth Circuit affirmed the district court's application of the enhancement upon review of the same evidence that petitioner now contends his counsel should have challenged. *See Slade 1*, 631 F.3d at 189.

For this and the other reasons stated, the court concludes that petitioner's claim of ineffective assistance of counsel regarding the application of USSG § 2D1.1(b)(1) is without merit and should be dismissed.

**V.     Trial Counsel's Alleged Failure to Present Evidence at the Resentencing Hearing in Support of Petitioner's Motion for a Downward Adjustment**

In his third claim, petitioner asserts that he received ineffective assistance of trial counsel at his resentencing hearing because counsel was unprepared to properly argue in support of petitioner's motion for a downward adjustment pursuant to USSG § 5K2.0(a)(3) and 18 U.S.C. § 3553(a).

Petitioner first contends that counsel failed to provide the court with a report from the Federal Bureau of Prisons showing his progress during the 32 months he had been incarcerated since his conviction. He contends that this report would have shown, among other things, that he had received his GED, completed multiple classes, assisted with the teaching and facilitation of classes, and received no disciplinary infractions. He argues that had counsel presented this information to the court, it may have influenced the court's decision on his motion for a downward adjustment. This contention has no basis in fact.

Contrary to petitioner's assertion, prior to the resentencing hearing, counsel included precisely such a report as an exhibit to the sentencing memorandum (D.E. 55), which included the request for a downward adjustment. This 13-page report (D.E. 55-1) from the Williamsburg Federal Correctional Institution, dated 21 March 2011—approximately two months before the resentencing hearing—provides not only detailed information about petitioner's continued educational progress and clean disciplinary record, but also the current status of his progress on every aspect of his inmate skills development plan.

In addition to providing this report to the court, counsel also argued to the court in both the sentencing memorandum and at the resentencing hearing that petitioner's progress supported a lower sentence. As evidence of petitioner's desire to "improve himself and become a positive member of society," counsel stated in the sentencing memorandum:

> To date, [petitioner] has been incarcerated over 30 months since being sentenced by the Court. Despite starting his time in a maximum-security facility, [petitioner] has not received even one infraction. Moreover, [petitioner] has gone beyond simply complying with facility rules, by enrolling in multiple educational and instructional classes such as creative writing, drug education, stress management and anger management. [Petitioner] received his GED in March of 2009. Additionally, [petitioner] has put himself to work during his time, working with food service detail. [Petitioner] performed some 2000-plus hours in a cooking apprenticeship while in United States Penitentiary Lee. As a result of his hard work and good attitude, [petitioner] was transferred to FCI Williamsburg as a lesser security transfer in January 2010.

(Sent. Mem. 3). Further, when the court turned to petitioner's motion for a downward adjustment at the resentencing hearing, counsel argued to the court that it was warranted because petitioner's accomplishments since his incarceration were "exceptional." (Resent. Tr. 8:8-13). A United States Probation Officer confirmed to the court that petitioner "has no infractions, he completed his GED and other educational courses, and through the Inmate Financial Responsibility Program he has paid all of his money owed to the Court." (Resent. Tr. 9:5-10).

Finally, while the court ultimately denied the motion for a downward adjustment, the record unequivocally demonstrates that it considered petitioner's accomplishments in doing so, stating:

> Well, very good. And so, you have taken some time off the sentence yourself by your good behavior in prison. You're getting good-time credit and you're [d]oing what you're supposed to be doing, and you're doing well. Well, good.
>
> Well, I don't find a reason to depart from the Guidelines based on that, but I certainly commend you, and I may have reason to return back to that.

(Resent. Tr. 9:5-10).

Petitioner also contends that counsel's statements to the court at the resentencing hearing indicate that he was confused about the legal standard applicable to the motion for a downward adjustment. Again, petitioner's challenge is without merit.

In the sentencing memorandum, counsel correctly argued that petitioner's accomplishments while in prison would be properly considered as grounds for a downward variance under the factors set forth in 18 U.S.C. § 3553(a)(1) ("the history and characteristics of the defendant"), (2)(B) ("the need for the sentence imposed to afford adequate deterrence to criminal conduct"), and (2)(D) ("the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"). (Sent. Mem. 3-4). At the resentencing hearing, the court asked counsel to specify what provisions of the Guidelines would be applicable to the requested adjustment, essentially inquiring about the applicable authority for it if treated as a departure, rather than a variance. (Resent. Tr. 7:10-17). Counsel pointed the court to USSG § 5K2.0(a)(3).[9] (*Id.* at 7:18-8:13). He stated in part:

> 5K2.0[(a)](3)[10] references departures based on circumstances present to a degree not adequately taken into consideration. And it refers to exceptional cases. And I would [argue] that his position now, his accomplishments now, are exceptional relative to the case[.]

(*Id.* at 8:6-10). This record does not reflect any confusion of counsel about the appropriate legal standard for the motion for a downward adjustment if treated as a departure.

For the foregoing reasons, the court concludes that petitioner's claim of ineffective assistance of trial counsel for failing to properly argue petitioner's motion for a downward adjustment is without merit and should be dismissed.

---

[9] USSG § 5K2.0(a)(3) reads:

Departures Based on Circumstances Present to a Degree not Adequately Taken into Consideration.—A departure may be warranted in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of, or substantially below, that which ordinarily is involved in that kind of offense.

[10] Although counsel did not expressly cite to subsection (a), his statements clearly indicated that he was referring to subsection (a)(3) of USSG § 5K2.0, as is apparent from the provisions of subsection (a)(3) quoted above.

**VI.** *Alleyne* **Claim**

Finally, the court turns to the claim raised by petitioner in his addendum to the petition that his sentence was improperly enhanced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the Supreme Court held that any fact that increases the minimum penalty to which a criminal defendant may be subjected is an "element" of the offense and must be proven to a jury beyond a reasonable doubt. *Id.* at 2155. Petitioner asserts that, under *Alleyne*, the court improperly enhanced his sentence pursuant to U.S.S.G. §§ 2D1.1(a) (base offense level increase due to amount of drugs involved), 4A1.1(d) (offense committed while on probation), and 4A1.1(e) (offense was committed less than two years following release from imprisonment) without submitting the facts supporting these enhancements to a jury to be proven beyond a reasonable doubt. Petitioner's claim is without merit.

First, petitioner's conviction became final before the *Alleyne* decision was issued, and this court has held that *Alleyne* is not retroactively applicable to cases on collateral review. *See Dunn v. United States*, No. 5:11-CR-274-FL, 2014 WL 6694060, at *2 (E.D.N.C. 26 Nov. 2014) (citing *United States v. Stewart*, 540 F. App'x 171, 172 n.l (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review.")).

However, even if *Alleyne* were retroactively applicable to petitioner's case, it has no application to his sentence because he was not subject to an enhanced mandatory minimum sentence. Rather, his guilty plea established the facts necessary to subject him to a 10-year mandatory minimum for the offense of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841, 846. *See* 21 U.S.C. §§ 841(b)(1)(A) (specifying the term of imprisonment for this offense as "not . . . less than 10 years or more than life"), 846 ("Any person who . . .

conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."). Moreover, *Alleyne* does not apply to a court's findings of fact that support an enhancement under the Guidelines. *See United States v. Benn*, 572 F. App'x 167, 180 (4th Cir.), *cert. denied sub nom. Jeffries v. United States*, 135 S. Ct. 313 (2014) and *cert. denied sub nom. Haith v. United States*, 135 S. Ct. 385 (2014); *see also United States v. Ramirez-Negron*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*."). Thus, the court's enhancements to petitioner's Guidelines range do not violate *Alleyne*. *See, e.g., Vaughn v. United States*, No. 7:11-CR-85-D, 2015 WL 164760, at *4 (E.D.N.C. 13 Jan. 2015) (holding that *Alleyne* does not "impact a court's ability to apply the advisory guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum").

For the foregoing reasons, petitioner's claim that his sentence was improperly enhanced under *Alleyne* is without merit and should be denied.

## **CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that the government's motion (D.E. 82) to dismiss be GRANTED and the § 2255 petition (D.E. 70, 78) be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 18 April 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the

Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of the objections.

SO ORDERED, this 4th day of April 2016.

_____
James E. Gates
United States Magistrate Judge