IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CR-3-FL
NO. 4:13-CV-132-FL

| | |
|---|---|
| KEVIN MYELL SLADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 70, 78),[1] and the government's motion to dismiss (DE 82),[2] to which petitioner filed response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") (DE 93), wherein it is recommended that the court deny petitioner's § 2255 motion and grant the government's motion to dismiss. Petitioner timely filed objections to the M&R. (DE 97). In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R; petitioner's § 2255 motion is denied, and the government's motion to dismiss is granted.

---

[1] Petitioner filed his petition on May 23, 2013 (DE 70), and an addendum on July 1, 2013. (DE 78). The court treats the two documents together as petitioner's § 2255 motion. In support of his motion, petitioner also submitted an incarceration record from the Craven County, North Carolina, Sheriff's Department ("incarceration record"). (DE 71-1).

[2] The government first filed a motion to dismiss on June 7, 2013 (DE 74), but withdrew the motion on July 2, 2013, and filed the instant motion to dismiss on August 1, 2013. (DE 82).

## BACKGROUND

On June 2, 2008, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846. On September 12, 2008, the court sentenced petitioner to a term of 365 months imprisonment and five years supervised release. Petitioner subsequently appealed, and the Fourth Circuit Court of Appeals remanded petitioner's case for resentencing upon finding that the evidence did not support application of an enhancement for a management or supervisory role in the offense. United States v. Slade, 631 F.3d 185, 191–192 (4th Cir. 2011). Thereafter, the court resentenced petitioner to 293 months imprisonment and five years supervised release. Petitioner appealed a second time, and the Fourth Circuit Court of Appeals affirmed petitioner's amended sentence. United States v. Slade, 464 F. App'x 94, 97 (4th Cir. 2012).

Petitioner filed the instant § 2255 motion on May 23, 2013, asserting that he received ineffective assistance of counsel at certain stages of this litigation, and that his sentence is unconstitutional in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). The government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that petitioner fails to state a claim upon which relief can be granted. The magistrate judge recommends that petitioner's motion be denied, and that the government's motion be granted.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

2

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

Petitioner argues that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically, petitioner contends that counsel was ineffective in the following instances: at his first appeal, for failing to present evidence of petitioner's length of incarceration; at his first sentencing hearing, for failing to object to evidence presented by the government to support a sentence enhancement for possession of a firearm; and at

3

his resentencing hearing, for failing to present evidence of petitioner's accomplishments in prison to support his motion for downward adjustment.[3] In addition, petitioner argues that his sentence improperly was enhanced in violation of Alleyne, 133 S. Ct. 2151.[4]

1. Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 694 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).

---

[3] Petitioner requested a downward adjustment in his sentencing memorandum (DE 55, 4–5), and he renewed his request orally at the resentencing hearing. (DE 66, 7:10–8:13). In the memorandum, petitioner sought the adjustment as a variance under 18 U.S.C. § 3553(a). At the resentencing hearing, petitioner's counsel added that the adjustment was authorized also under Section 5K2.0(a)(3) of the United States Sentencing Guidelines Manual ("U.S.S.G."). As used in this order, "adjustment" refers to the downward sentencing relief petitioner sought, whether treated as a variance or a departure.

[4] Defendant does not object to the M&R's analysis of his § 2255 petition with respect to Alleyne, 133 S. Ct. 2151. Having reviewed the M&R's analysis on this point, and finding no clear error, see Diamond, 416 F.3d at 315; Camby, 718 F.2d at 200, the court incorporates herein and adopts as its own the M&R's conclusion that petitioner's sentence was not improperly enhanced under Alleyne, 133 S. Ct. 2151. Accordingly, the court denies petitioner's § 2255 motion as it relates to this basis.

4

First, petitioner argues that counsel was ineffective by failing to present to the Fourth Circuit Court of Appeals an incarceration record purportedly showing that his period of incarceration in 2006, for an offense unrelated to the instant offense, was longer than the period described by the government. Petitioner argues that because the incarceration record shows he was incarcerated for a relatively longer period of time, he could not have sold the amount of drugs attributed to him in 2006 under U.S.S.G. § 2D1.1(a)(3), for purposes of sentencing.

Rule 10 of the Federal Rules of Appellate Procedure states, "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected." Fed. R. App. P. 10(e)(2). However, Rule 10 does not permit an appellate court to consider materials outside the district court record. See First Nat'l Bank of North East v. Fockler, 649 F.2d 213, 215–16 (4th Cir. 1981); see also Wheeler v. Anchor Cont'l, Inc., No. 77-2004, 1979 WL 52, at *2 (D.S.C. Nov. 21, 1979) ("Federal courts invariably have held that Rule 10(e) cannot be used . . . . [for] augmenting the record to include evidence which was never before the district court.") (collecting cases). In addition, Rule 10 usually does not permit consideration of issues raised for the first time on appeal. See Grossman v. Comm'r of Internal Revenue, 182 F.3d 275, 280–81 (4th Cir. 1999). Accordingly, Rule 10 would not have permitted counsel to present to the Fourth Circuit Court of Appeals petitioner's incarceration record because the document was not included in the record presented to the district court. See Fed. R. App. P. 10(e)(2); Fockler, 649 F.2d at 215–16. As a result, petitioner fails to show that counsel's conduct in this regard fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688.[5]

---

[5] Where, as here, a petitioner makes an insufficient showing on one prong of Strickland, the court need not address the other prong. 466 U.S. at 697. Accordingly, petitioner's argument with regard to alleged prejudice is moot.

In the alternative, petitioner argues that counsel was ineffective in the same instance for failing to seek judicial notice of the incarceration record pursuant to Rule 201 of the Federal Rules of Evidence, which permits courts to "judicially notice a fact that is not subject to reasonable dispute because it is generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, Rule 201 governs whether the court takes judicial notice of facts, not the admittance of documents wholesale. See Fed. R. Evid. 201(e); Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (4th Cir. 2015) ("[T]he determination whether a fact properly is considered under [Rule 201] depends on the manner in which a court uses this information."). Accordingly, Rule 201 would not have permitted counsel to request that the Fourth Circuit Court of Appeals judicially notice his administrative incarceration record; nor would Rule 201 have allowed judicial notice of petitioner's requested inference that, based upon the incarceration record, he was not responsible for the sale of drugs during a certain time period. See Fed. R. Evid. 201(b), (e); Zak, 780 F.3d at 607. As a result, petitioner fails to show that counsel's conduct related to the incarceration record fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688.

Second, petitioner argues that counsel was ineffective at his first sentencing hearing for failing to object to evidence presented by the government to support a sentence enhancement for possession of a firearm. However, this argument impermissibly repeats the same contentions petitioner raised in his appeal before the Fourth Circuit Court of Appeals. See United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009) ("[Litigants] may not circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion."). Moreover, as noted in the M&R, the record of the first sentencing hearing unequivocally shows that counsel did, in fact, object

6

to consideration of evidence supporting a enhancement for possession of a firearm. (See DE 41, 6:21–7:2) ("THE COURT: I note that [counsel for petitioner] objected to the two-level enhancement for possessing a firearm. . . . [Counsel for petitioner]: Your honor, our objection is based upon . . . the presentence report and lists [of] numerous people."). In addition, the Fourth Circuit Court of Appeals affirmed the district court's application of the enhancement upon review of the same evidence that petitioner contends counsel purportedly failed to challenge. See Slade, 631 F.3d at 189 ("The district court . . . overruled [petitioner]'s objection and adopted the PSR's recommendation to apply the two-level enhancement under USSG § 2D1.1(b)(1). The district court did not commit clear error in applying the enhancement."). Therefore, having reviewed the M&R's analysis on this point, the court adopts as its own the M&R's conclusion that petitioner's claim of ineffective assistance of counsel is without merit as it relates to counsel's conduct concerning evidence supporting the enhancement for possession of a firearm. See Strickland, 466 U.S. at 688.

Third, petitioner argues that counsel was ineffective at his resentencing hearing, for failing to introduce and properly argue evidence of petitioner's accomplishments in prison to support his motion for downward adjustment of his sentence. Here, too, the M&R concludes that petitioner's argument lacks a basis in fact, where counsel introduced evidence of petitioner's accomplishments while incarcerated ("Inmate Development Report," DE 55-1), counsel cited in briefs and in court the standards relevant for consideration of the evidence (DE 55, 4–5; 66, 7:10–8:13), and counsel drew the court's attention to the evidence during oral argument at petitioner's resentencing hearing. (DE 66, 7:10–8:13). Having reviewed relevant portions of the record and the M&R's analysis on this point, the court adopts as its own the M&R's conclusion that petitioner's claim of ineffective

7

assistance of counsel with regard to his motion for downward adjustment is without merit. See Strickland, 466 U.S. at 688.

On this point, petitioner's reliance upon Pepper v. United States, 562 U.S. 476 (2011), and United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), is misplaced. The ruling in Pepper permits courts discretion to consider evidence of a defendant's rehabilitation in the context of a downward variance, 562 U.S. at 490–91, which the court did here. (See DE 66, 8:18–20, 9:3–17) ("THE COURT: . . . I don't find a reason to depart from the Guidelines based on [petitioner's accomplishments while incarcerated], but I certainly commend [petitioner]."). Holloway is not binding on this court, and it involved different charges and resentencing considerations. See 68 F. Supp. 3d at 314–15 (granting defendant's motion to vacate car-jacking charges subject to "stacking" under 18 U.S.C. § 924(c), following "the U.S. Attorney . . . . office's recommendation—that [the defendant] seek clemency or commutation of sentence"). Accordingly, petitioner's argument for ineffective assistance of counsel is not persuasive as it relates to these cases.

2.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing petitioner's claims for ineffective assistance of counsel and violation of the Sixth Amendment to the United States Constitution, in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 82) is GRANTED, and petitioner's motion to vacate, set aside, or correct sentence (DE 70, 78) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge