IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CR-3-FL-1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KEVIN MYELL SLADE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reduce sentence under Amendment 750 (DE 110). Under U.S.S.G. § 1B1.10, if "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)" of the Guidelines, "the court may reduce the defendant's term of imprisonment." U.S.S.G. § 1B1.10(a)(1). Amendment 750, effective November 1, 2011, is a qualifying amendment under the Guidelines. See U.S.S.G. § 1B1.10(d). However, petitioner in this case already received a sentencing reduction in 2016 from a sentence of 293 months to 235 months, based upon Amendment 782, which was effective November 1, 2014 (DE 91). Given that Amendment 782 takes into account preceding applicable amendments, Amendment 750 does not now have any "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B.1.10(a)(2)(B). Therefore, defendant's motion is DENIED.

In considering defendant's motion, the court has reviewed defendant's letter regarding his accomplishments while incarcerated, as well as letters of support submitted by community members. While such correspondence does not impact the substance of the court's ruling, the court commends

defendant for his post-sentencing rehabilitation.

SO ORDERED, this the 27th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge